IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARK ALAN HIMMELBERGER, )<br>AIS #247568, )<br>  )<br>  Plaintiff, )<br>  )<br>  v. )<br>  )<br>  )<br>WILLIAM J. THORNTON, et al., )<br>  )<br>  Defendants. ) | <br><br><br><br><br><br>CIVIL ACTION NO. 2:10-CV-611-ID<br>[WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Mark Alan Himmelberger ["Himmelberger"], a state inmate, alleges William J. Thornton, an officer with the Montgomery Police Department, acted with deliberate indifference to his safety during his arrest by failing to provide him a cane or assistance in walking while handcuffed. Himmelberger names the Montgomery Police Department as one of the defendants in this cause of action.

Upon review of the complaint, the court concludes that Himmelberger's claims against the Montgomery Police Department are due to be dismissed prior to service pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i)[1]

---

[1] The court granted Himmelberger leave to proceed *in forma pauperis*. *Order of July 16, 2010 - Court Doc. No. 3*. A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## DISCUSSION

A city police department "is not a legal entity and, therefore, is not subject to suit or liability under section 1983." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that the plaintiff's claims against the Montgomery Police Department are due to be dismissed as frivolous pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i). *Id.*

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the Montgomery Police Department be summarily dismissed with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The Montgomery Police Department be dismissed as a defendant in this cause of action.

3. This case, with respect to the plaintiff's claims against defendant Thornton, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that **on or before August 9, 2010** the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this 26th day of July, 2010.


                /s/Charles S. Coody
            CHARLES S. COODY
            UNITED STATES MAGISTRATE JUDGE